IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| SPRATT HOWARD,<br><br>*Plaintiff,*<br><br>v.<br><br>MONTY MOHR, WILLIAM BUSHNELL, JOHN PURSLEY, and JAMES SMITH,<br><br>*Defendants.* | CIVIL ACTION NO.<br>3:23-cv-00063-TES |

**ORDER**

On June 9, 2023, Plaintiff Spratt Howard filed a Complaint [Doc. 1] against Defendants Monty Mohr, William Buhnell, John Pursley, and James Smith. On June 9, 2023, Plaintiff filed the instant Motion to Proceed *In Forma Pauperis* [Doc. 2]. Since the Court, as discussed below, **GRANTS** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and waives his filing fee, it must also screen his Complaint pursuant to 28 U.S.C. § 1915(e). The Court addresses both issues in detail below: first, focusing on Plaintiff's request to proceed *in forma pauperis* and then conducting the required preliminary screening.

A.   **Plaintiff's Motion for Leave to Proceed *In Forma Pauperis***

Authority for granting a plaintiff permission to file a lawsuit without prepayment of fees and costs is found in 28 U.S.C. § 1915, which provides as

follows:

> [Generally], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). A plaintiff's application is sufficient to warrant a waiver of filing fees if it "represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* at 1307. After review of Plaintiff's application, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 2] or, stated differently, grants him IFP status.

    B.    <u>**Frivolity Review**</u>

        a.    <u>**Legal Standard**</u>

Having granted Plaintiff IFP status, the Court must now screen his Complaint to determine whether it is frivolous or malicious or fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed [*in forma pauperis*]." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

2

from such relief. *See* 28 U.S.C. § 1915(e).² The proper contours of the term "frivolous," have been defined by the Supreme Court to encompass complaints that, despite their factual allegations and legal conclusions, lack an arguable basis either in law or in fact. *Neitzke v Williams*, 490 U.S. 319, 325 (1989). These types of complaints are subject to sua sponte dismissal by a district court. *Id.* at 324 (noting that dismissals under 28 U.S.C. § 1915(e) "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints[]").

More specifically, in order to survive this initial screening, a claim must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Such dismissal procedure—operating on the assumption that the factual allegations in the complaint are true—streamlines litigation by dispensing with unnecessary discovery and factfinding. *Neitzke*, 490 U.S. at 326. "Nothing in Rule 12(b)(6)

---

² The Eleventh Circuit has determined that "28 U.S.C. § 1915(e), which governs proceedings *in forma pauperis* generally . . . permits district courts to dismiss a case 'at any time' if the complaint 'fails to state a claim on which relief may be granted.'" *Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam). The Court can also dismiss a case at any time if it determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

confines its sweep to claims of law which are obviously unsupportable." *Id.* at 327. To the contrary, if it is clear, as a matter of law, that no relief could be granted under "any set of facts that could be proven with the allegations," a claim must be dismissed. *Id.* (quoting *Hishon*, 467 U.S. at 73).

On the other hand, frivolity review under 28 U.S.C. § 1915(e), has a separate function—designed to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate due to filing costs and the potential threat of sanctions associated with filing a civil action. *Neitzke*, 490 U.S. at 327. "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Even though Rule 12 and 28 U.S.C. § 1915(e) both counsel dismissal and share "considerable common ground" with each other, one dismissal standard does not invariably encompass the other. *Id.* at 328. "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." *Id.*

### b. <u>Plaintiff's Complaint</u>

Complaints filed by *pro se* plaintiffs are construed liberally, and their allegations are held to a less stringent standard than formal pleadings drafted by lawyers. *Powers v. Sec'y U.S. Homeland Sec.*, 846 F. App'x 754 (11th Cir. 2021).

In his first claim, Plaintiff contends that Defendant Monty Mohr violated his Fourth Amendment due process rights by forcing witnesses to lie, and by not using "the two (2) police report witnesses Tamatha Brown and Jamine Flint names to gain the arrest warrant to the probable cause hearing . . . ." [Doc. 1, p. 7]. In his second claim, Plaintiff asserts that Defendants William Bushness and John Pursley violated his rights by "changing the essential elements of the crime" and illegally sentencing the Plaintiff to life without parole. [*Id.* at p. 7–8]. In his third claim, Plaintiff claims that Defendant James Smith broke a verbal agreement, and intentionally misfiled his appeal [*Id*. at p. 8].[3]

Plaintiff's claims arise under 42 U.S.C. § 1983. This statute does not contain a statute of limitations, so courts apply the most analogous state statute of limitations.

---

[3] To the extent Plaintiff alleges § 1983 claims against James Smith—a private attorney—and William Bushnell—a public defender—those claims are frivolous. Indeed, a private individual generally cannot be sued under § 1983. *See Harvey v. Harvey*, 949 F.2d 1127 (11th Cir. 1992). That also includes public defenders and other court-appointed attorneys in criminal cases. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 321 (1981) (holding that court-appointed counsel does not act under color of state law because he "works under canons of professional responsibility that mandate his exercise of independent judgment on behalf of the client.").

*Williams v. City of Atlanta*, 794 F.2d 624 (11th Cir. 1986). The statute of limitations for § 1983 claims arising out of events in Georgia is two years. *Thigpen v. Bibb Cnty., Ga., Sheriff's Dep't*, 223 F.3d 1231 (11th Cir. 2000), *as amended* (Aug. 30, 2000). The incidents giving rise to Plaintiff's Complaint occurred in 1995 and 1996. [Doc. 1-3]; [Doc. 1-4]. Plaintiff filed his Compliant on June 9, 2023—27 years after the incidents giving rise to the claims, and 25 years past the statute of limitations. Accordingly, the Court **DISMISSES** Plaintiff's § 1983 claims as frivolous.

## CONCLUSION

Upon review of Plaintiff's Complaint [Doc. 1], it is clear that the claims asserted therein should be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e).

**SO ORDERED**, this 13th day of June, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**